```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

WESTPORT INSURANCE                            CIVIL ACTION
CORPORATION

VERSUS                                        NO: 07-1532

LOUIS ST. MARTIN, ET AL.                      SECTION: "A" (5)
```

## ORDER AND REASONS

Before the Court is a **Motion to Dismiss (Rec. Doc. 20)** filed by third-party defendant James A. Forbes.  Defendants St. Martin, Mahoney & Associates, APLC, Louis St. Martin, and Estelle E. Mahoney oppose the motion.  The motion, set for hearing on December 12, 2007, is before the Court on the briefs without oral argument.[1]  For the reasons that follow, the motion is GRANTED.

## I. BACKGROUND

This lawsuit is a declaratory judgment action by Westport Insurance Corporation ("Westport") against attorneys Louis St. Martin and Estelle Mahoney and the law firm of St. Martin,

---

[1] Mover James A. Forbes has requested oral argument but the Court is not persuaded that oral argument would assist the Court in resolving the pending issues.

Mahoney & Associates (collectively "Defendants").  Westport issued a professional liability policy to St. Martin, Mahoney & Associates for the policy period December 1, 2000, to December 1, 2001.  (Comp. ¶ 22).  Westport seeks a judgment in its favor declaring that coverage for claims made by James A. Forbes ("Forbes") against Defendants is precluded by the policy's definition of "Loss."  (Comp. ¶ 39).  Forbes' claims against Defendants *as well as the issue of coverage under Westport's policy* are being litigated in a Mississippi state court.  That case has been pending for nearly six years.

Forbes was seriously injured in 1998 following an explosion at a Texaco gas station in Harrison County, Mississippi. According to Forbes, while he was in a coma Defendants entered into a contingent fee agreement with Forbes' wife.  (Doc. 29 ¶ 8).  Forbes contends that while he remained mentally and physically incapacitated the Defendants caused a personal injury action to be filed on his behalf despite having no written contract for representation.  (Doc. 29 ¶ 12).  Forbes ultimately executed a contingency fee agreement with Defendants on June 10, 1999.  Forbes settled his claims for more than $13,650,000.00 of which Defendants took a 33 1/3 percent fee pursuant to the contingency fee contract.

Forbes later filed suit against Defendants in Mississippi

2

state court alleging causes of action based on negligence, breaches of fiduciary duty and of professional conduct, rescission, fraud, and conversion.  The crux of Forbes' complaint is that Defendants did not adequately advise or counsel him with respect to the June 10, 1999, fee agreement before inducing him to sign it.  Forbes also sued Westport seeking a declaratory judgment for coverage in favor of Defendants for Forbes' malpractice claims.  (Doc. 29 ¶¶ 87-96).

Forbes now moves to dismiss the third party complaint against him arguing that 1) the complaint is procedurally improper, 2) the *Brillhart/Wilton* abstention doctrine applies to this proceeding, and 3) venue is improper in this Court. Alternatively, Forbes requests that the Court stay the proceedings against him pending resolution of the parallel state court proceeding in Mississippi.

## II.  DISCUSSION

The Court finds Forbes' abstention argument persuasive because every issue in the original and third-party complaint is currently being litigated in the Mississippi action.   The Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., provides that a court "may declare the rights and other legal relations of any interested party seeking such declaration." Odeco Oil & Gas Co. v. Bonnette, 4 F.3d 401, 403 -04 (5th Cir. 1993)(quoting 28

3

U.S.C.A. § 2201(a) (West 1994).  It is well established in this circuit that a court need not provide declaratory judgment relief on request, as this is a matter left to the district court's sound discretion.  Id.  (citing Rowan Companies, Inc. v. Griffin, 876 F.2d 26, 28 (5th Cir. 1989); Mission Ins. Co. v. Puritan Fashions Corp., 706 F.2d 599, 601 (5th Cir. 1983)).  Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976), but "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."  Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995).

The court may consider a variety of factors in determining whether to decide a declaratory judgment suit.  Odeco Oil & Gas Co., 4 F.3d at 403-04.  Relevant factors the district court must consider in determining whether to dismiss a declaratory judgment include:  1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing

4

the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses, and 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy.  St. Paul Ins. Co. v. Trejo, 39 F.3d 585, 590-91 (5th Cir. 1994).

In the exercise of its sound discretion the Court declines to entertain this declaratory judgment action and concludes that it should therefore be dismissed in its entirety.  All parties to the complaint and amended complaint pending in this Court are presently before the Mississippi court--that case has been pending for several years, the parties have engaged in extensive discovery, and dispositive motions have been filed.  Moreover, even a cursory comparison of the amended complaint filed in Mississippi with the complaint and third-party complaint filed in this Court demonstrates a complete overlap of the issues being asserted.  Given that Westport filed the instant suit just this year after the Mississippi lawsuit has been pending for years this Court can only conclude that forum shopping played a role in the decision to file this declaratory judgment action.  Further, by bringing Forbes into this lawsuit Defendants are in effect transplanting the *entire* Mississippi case into this district. This Court cannot imagine a greater waste of judicial resources

than allowing this lawsuit to go forward.  Moreover, allowing this action to proceed would completely usurp the Mississippi action and in effect allow the Mississippi defendant to defeat Forbes' chosen forum.  This case arises out of events that transpired in Mississippi and the legal implications of those events will be governed by Mississippi law.  The claims, including the coverage issue, should therefore be litigated in Mississippi.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 20)** filed by third-party defendant James A. Forbes should be and is hereby **GRANTED** and the complaint filed by Westport as well as the third-party complaint filed by St. Martin, Mahoney & Associates, APLC, Louis St. Martin, and Estelle E. Mahoney are **DISMISSED**.

December 17, 2007

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE